RECEIVED
IN LAKE CHARLES, LA

MAR 2 8 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:05 CR 20061-001 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| JUSTIN PAUL STERLING | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

After the jury had returned a guilty verdict in the trial of Justin Paul Sterling ("Sterling"), his counsel moved for a Rule 29 Motion for Judgment of Acquittal or in the Alternative, Motion for a New Trial.

Sterling had entered a guilty plea to Counts 3 and 4, Possession with Intent to Distribute More than 50 Grams of Cocaine Base (21 U.S.C. §841(a)(1)) and Possession of a Firearm in Furtherance of a Drug Trafficking Crime (18 U.S.C. §924(c)(1)). The defendant then went to trial on the remaining counts of the indictment. Counts 1 and 2 alleged Distribution of Cocaine Base (21 U.S.C. §841(a)(1)) and Possession of a Firearm in Furtherance of a Drug Trafficking Crime (18 U.S.C. §924(c)(1)) on or about January 21, 2005. Counts 5 and 6 alleged Distribution of Cocaine Base (21 U.S.C. §841(a)(1)) and Possession of a Firearm in Furtherance of a Drug Trafficking Crime (18 U.S.C. §924(c)(1)) on or about March 1, 2005. Counts 7, 8, and 9 alleged Distribution of Cocaine Base (21 U.S.C. §841(a)(1)), Possession of a Firearm in Furtherance of a Drug Trafficking Crime (18 U.S.C. §924(c)(1)) and Possession of a Firearm with an Obliterated Serial Number (18 U.S.C.

§922(k)) on or about March 14, 2005.

The primary evidence against this defendant was the oral and written confession he provided to the Westlake Police Department which referred to the "drug deal gone bad" on January 23, 2005, and the video tape recorded confession he provided to the agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives and Lt. Laviolet after his arrest on March 14, 2005.

The defense has adequately summarized the trial testimony and that summary will not be reiterated here.

In considering the defendant's motion for judgment of acquittal, F.R.Crim.P. 29, the court must consider the evidence in the light most favorable to the government[1] together with all inferences which may reasonably be drawn from the facts.[2] The inquiry is whether there is substantial evidence upon which a jury might reasonably base a finding that the accused is guilty beyond a reasonable doubt.[3]

Under Rule 29, a trial judge "has the duty to grant the motion for judgment of acquittal when the evidence, viewed in the light most favorable to the government, is so scant that the jury could only speculate as to defendant's guilt."[4] In reviewing challenges to the sufficiency of the evidence, the court of appeal will affirm "if a rational trier of fact could have found that the government

---

[1] *McFarland v. United States*, 5 Cir., 1960, 273 F.2d 417; *United States v. Carter*, 6 Cir., 1963, 311 F.2d 934

[2] *Cartwright v. United States*, 10 Cir., 1964, 335 F.2d 919.

[3] *Blachly v. U.S.*, 380 F.2d 665, 675 (C.A.La. 1967); *United States v. Scott*, 159 F.3d 916, 920 (5th Cir.1998).

[4] *United States v. Herberman*, 583 F.2d 222, 231 (5th Cir.1978).

proved all essential elements of the crime beyond a reasonable doubt."[5] If, on the other hand, "the evidence viewed in the light most favorable to the prosecution gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence, the conviction should be reversed."[6]

To return a verdict of guilty as to Counts 1, 5 and 7, distribution of cocaine base, two essential elements had to be found beyond a reasonable doubt:

First: That the defendant knowingly distributed a controlled substance; and

Second: That the substance was in fact cocaine base or crack.

To return a verdict of guilty as to Counts 2, 6 and 8, possession of a firearm in furtherance of a drug trafficking crime, two essential elements had to be found beyond a reasonable doubt:

First: That the defendant committed the drug trafficking crimes alleged in Counts 1, 5 and 7, and

Second: That the defendant knowingly possessed a firearm in furtherance of the defendant's alleged commission of the crime charged on Counts 1, 3 and 7.

The court instructed the jury that distribution of cocaine base is a drug trafficking crime.

To return a verdict of guilty as to Count 9, possession of a firearm with obliterated serial numbers, three essential elements had to be found beyond a reasonable doubt:

First: That the defendant knowingly possessed a firearm having an

---

[5] *United States v. Castro*, 15 F.3d 417, 419 (5th Cir.), *cert. denied*, 513 U.S. 841, 115 S.Ct. 127, 130 L.Ed.2d 71 (1994).

[6] *United States v. Pennington*, 20 F.3d 593, 597 (5th Cir.1994); *U.S. v. Schuchmann* 84 F.3d 752 (1996), 753 -754 (C.A.5 (Tex.),1996).

obliterated serial number as charged in the indictment;

Second: That he knew that the serial number on the firearm had been obliterated; and

Third: That the possession of the firearm was in and affecting commerce; that is, that before the defendant possessed the firearm it had traveled at some time from one state to another.

The defendant argues that he was convicted solely on the basis of his own testimony, which is contrary to law. *Smith v. United States*, 348 U.S. 147, 153 (1954). The defendant further argues that the government's evidence is limited to the defendant's own recanted statement, which was made during a taped interview with ATF Agent Thomas Faison and Task Force Officer Ray Laviolet on March 11, 2005 and the government offered no independent evidence that Sterling committed the charged crimes.

Sterling told law enforcement officers that he had exchanged cocaine base for firearms with a man he called "Wild Bill" and that he purchased drugs from Michael Lyons. At trial, Sterling testified that while making the videotaped interview, he had been under the influence of drugs, that he had made up the details of his alleged exchanges with Wild Bill, as well as the details of his drug dealing with Lyons.

Contrary to the assertions by the defendant, the evidence that the government introduced at trial corroborated Sterling's possession of firearms; that the firearms were capable of expelling a projectile by means of an explosion; that the firearms had traveled in interstate commerce; that Sterling had previously been involved in drug trafficking; and that there was a Caucasian male called "Wild Bill" in Sulphur, Louisiana, who owned a vehicle similar to that described by the defendant

in his confession). There was substantial evidence upon which a jury might reasonably base a finding that the accused is guilty beyond a reasonable doubt.

The defendant also argues that the government failed to disclose exculpatory statements. The defendant states that the government did not call Lyons to testify, although he was in their custody and control. Defense counsel states that Lyons apparently could not testify in favor of the government and he has not been willing to discuss the case with Ms. Berman.[7] Defense counsel argues that AUSA Grayson's behavior and actions during pre-trial hearings as well as during the trial "strongly indicate" that Mr. Grayson knew that Mr. Lyons would not be able to truthfully corroborate Mr. Sterling's videotaped interview.

If Mr. Lyons made explicit statements to the effect that he could not corroborate Sterling's statement, the evidence is exculpatory and the government should have produced any such statements pursuant to *Jencks*. The defendant argues, however, that even if Mr. Lyons did not explicitly exonerate the defendant, but made or would have made statements on the stand about his drug-dealing activities that did not implicate the defendant, "i.e. negative inculpatory statements, such statements are also considered exculpatory and should have been made known to the defense."[8] The defense argues that any statement or information by Lyons, "who stood to benefit from testimony that would help the government prove its case," that he did not sell, or could not recall selling drugs, to the defendant is "obviously material as it would tend to create a reasonable doubt

---

[7] Ms. Berman has been discussing this matter with counsel for Lyons.

[8] The defense cited no law in support of this argument. Likewise, there is no mention of whether or not the defense subpoenaed Mr. Lyons to compel his presence at trial. Defense brief p. 22.

5

that may not have existed otherwise."[9] The defense's argument is based on conjecture. There is no evidence that Lyons made a statement or that the government withheld that statement. The defense does not address why it did not call Lyons as a witness. Absent any concrete evidence in support of the defense's theory, a judgment of acquittal will not be granted.

The evidence, viewed in a light most favorable to the government, is sufficient to establish each element listed above beyond a reasonable doubt. Accordingly, the defendant's Motion for Judgment of Acquittal will be denied.

The defendant has moved, in the alternative, for a new trial.[10] Granting a motion for a new trial pursuant to Rule 33 is permissible if it is necessitated by the interests of justice. *United States v. Robertson*, 110 F.3d 1113, 1117 (5th Cir.1997). If granted, the government would have a second opportunity to try the accused. *See generally Miller v. United States*, 224 F.2d 561, 562 (5th Cir.1955). In determining whether to grant the Rule 33 motion for a new trial, the district court must carefully "weigh the evidence and may assess the credibility of the witnesses during its consideration of the motion for new trial," *Robertson*, 110 F.3d at 1117 (citing *Tibbs v. Florida*, 457 U.S. 31, 37-38, 102 S.Ct. 2211, 2215-16, 72 L.Ed.2d 652 (1982)), but must not entirely usurp the jury's function, *United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir.2001), or simply set aside a jury's verdict because it runs counter to result the district court believed was more appropriate. *See, e.g., Robertson*, 110 F.3d at 1118.

Setting aside a jury's guilty verdict in the interests of justice may be appropriate under

---

[9] Defense brief p. 22.

[10] The government did not address this part of the defense's argument.

circumstances where the evidence brought forth at trial may tangentially support a guilty verdict, but in actuality, "preponderates sufficiently heavily against the verdict such that a miscarriage of justice may have occurred." *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir.1980). *Accord, e.g., Robertson*, 110 F.3d at 1118; *United States v. Ashworth*, 836 F.2d 260, 266 (6th Cir.1988). Similarly, while vested with discretion to grant a new trial pursuant to Rule 33, the court has observed that this power should be exercised infrequently by district courts, unless warranted by "exceptional" circumstances. *U.S. v. Tarango*, 396 F.3d 666 (2005), 671 -672 (C.A.5 (Tex.),2005); *See also United States v. Scroggins*, 379 F.3d 233, 239 (5th Cir.2004) (citation omitted); *United States v. Sinclair*, 438 F.2d 50, 51 n. 1 (5th Cir.1971).

The evidence brought forth at trial supports a guilty verdict and does not "preponderate sufficiently heavily against the verdict." *Id.* The verdicts of the jury reflect no miscarriage of justice. The defendant has not shown exceptional circumstances that would warrant granting a new trial.

Accordingly, viewing the evidence and reasonable inferences in a light most favorable to the government, and accepting the jury's credibility determinations, the defendant's motion for a judgment of acquittal and, alternatively for a new trial, will be denied.

Lake Charles, Louisiana, this 28 day of March, 2006.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE