RECEIVED
IN LAKE CHARLES, LA
DEC 1 4 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:05 CR 20061-001 |
| VS. | : | JUDGE MINALDI |
| JUSTIN PAUL STERLING | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Presently before the court are objections by the defendant, Justin Paul Sterling "Sterling", to the Presentence Report ("PSR") that has been prepared by the Probation Department.

The defendant's first three objections concern typographical errors and do not require a ruling by this court.

In objections 4, 6 and 9, the defendant disputes the total quantity of drugs. The PSR concluded that Sterling was responsible for 170.1 grams of cocaine base. The conduct reflected in ¶ 17 is set forth in Count 3 of the Indictment, to which the defendant pleaded guilty. Count 3 lists the amount as 56 grams. Probation included those 56 grams along with the 4 ounces that Sterling stated he had purchased from Michael Lyons.[1] The defendant objects, however, stating that the testimony of the government's witness, Sergeant Arnold Bellow, established that an ounce of crack as that term is used in drug dealing is defined for the purposes of the "street value" as containing between 9 and 13 grams of material. Using this testimony, the maximum amount attributed to the "four ounces" purchased from Lyons would be 52 grams. This 52 grams, plus the 56 grams in Count

---

[1] One ounce equals 28.35 grams. The six ounces attributed to Sterling equals 170.1 grams.

3, give a total of 108 grams. 108 grams is a base offense level of 32, rather than 34 as indicated in the PSR.[2] These objections are granted to the extent noted herein.

Objections 5, 7, 12 and 13 have no impact on the guideline computation and no ruling is required.

Objections 8 and 10 concern credit for acceptance of responsibility. The defendant argues that since he pleaded guilty to some of the charges, he should be granted partial acceptance of responsibility. In *U.S. v. Kleinebreil*, 966 F.2d 945 (1992), 952-953 (C.A.5 (Tex.),1992), the defendant refused to accept responsibility for assault, because state charges for attempted capital murder of state officers were pending against him for the same conduct. Although the district court found that he had accepted responsibility for the two marijuana convictions, it did not grant him a two-level reduction in his offense level under § 3E1.1. Kleinebreil contended that the failure to grant the reduction in the offense level for the marijuana group penalized him for exercising his Fifth Amendment privilege against self-incrimination. He argued that he should have received a reduction in the offense level for that group before the combined offense level based on both groups was computed. The court reasoned that the offense level may be reduced two levels for a defendant who "clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct..."[3], further noting that the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. The court opined that the plain wording of the Guidelines was contrary to Kleinebreil's proposed application of § 3E1.1. The Application Instructions in

---

[2] A base offense level of 32, with a Criminal History Category of IV, provides a guideline range of 168-210 months. There is also a statutory minimum of 120 months on the drug charges.

[3] U.S.S.G. § 3E1.1(a).

Chapter One, Part B, listing the steps to be followed in applying the Guidelines, provide that an adjustment for acceptance of responsibility, if appropriate, § 1B1.1(e), is to be applied *after* the offense levels for groups of multiple counts and the resulting combined offense level have been computed, § 1B1.1(d). *See* U.S.S.G. § 1B1.1(a)-(i). They do not permit an acceptance of responsibility adjustment to be first applied to each separate group.[4] In the instant case, acceptance of responsibility does not apply to the gun charges. Count 3, to which Sterling pleaded guilty, was combined with Counts 1, 5 and 7. An adjustment for acceptance of responsibility is not appropriate.

Sterling objects to criminal history points received for juvenile offenses. He received 2 criminal history points for being delinquent and in violation of probation when he was 14 years old. §4A1.2(d)(2)(B) states (in pertinent part):

### § 4A1.2. Definitions and Instructions for Computing Criminal History

(2) In any other case,

(A) add 2 points under § 4A1.1(b) for each adult or juvenile sentence to confinement of at

---

[4] Other portions of the Guidelines also support this interpretation. The Introductory Commentary to Chapter Three, Part D (Multiple Counts), states that "[t]he single, 'combined' offense level that results from applying these rules is used, after adjustment pursuant to the guidelines in subsequent parts [i.e., Part E-Acceptance of Responsibility], to determine the sentence." The commentary to § 3D1.1 (Procedure for Determining Offense Level on Multiple Counts) states: "This section outlines the procedure to be used for determining the combined offense level. After any adjustments from Chapter 3, Part E (Acceptance of Responsibility) ··· are made, this combined offense level is used to determine the guideline sentence range." U.S.S.G. § 3D1.1, comment. (backg'd). *See also* § 3D1.3(a) (offense level applicable to grouped counts is "determined in accordance with Chapter Two and Parts A, B, and C of Chapter Three"); § 3D1.5, comment. ("The combined offense level is subject to adjustments from Chapter Three, Part E (Acceptance of Responsibility)···"). See also *See United States v. McDowell*, 888 F.2d 285, 293 (3d Cir.1989) ( "adjustment for acceptance of responsibility ··· should be made only after the counts are combined"; § 1B1.1(e)"does not contemplate calculating acceptance of responsibility for each offense").

least sixty days if the defendant was released from such confinement within five years of his commencement of the instant offense;

**(B)** add 1 point under § 4A1.1(c) for each adult or juvenile sentence imposed within five years of the defendant's commencement of the instant offense not covered in (A).

USSG, § 4A1.2.

Sterling was released on January 13, 2003. The charged offenses occurred in 2005, within five years of his release. Based upon USSG, § 4A1.2, the criminal history points were properly assessed.

Lake Charles, Louisiana, this 13 day of December, 2006.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

4