RECEIVED
IN LAKE CHARLES, LA.

NOV -7 2012

TONY R. MOORE, CLERK
BY_____
                DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | * | CR. NO. 05-20061-01 |
| | * | CIVIL NO. 11-CV-2040 |
| VERSUS | * | JUDGE MINALDI |
| | | |
| JUSTIN PAUL STERLING | * | MAGISTRATE JUDGE KAY |

MEMORANDUM ORDER

Before the court are the defendant's "Supplemental Motion in Support of Relief from Final Judgment" (Rec. Doc. 202) and "Supplemental Memorandum in Support of Relief from Final Judgment Under Fed.R.Civ. P. 60(b)" (Rec. Doc. 203). This motion has been opposed (Rec. Doc. 205) by the government.

Procedural History[1]

The defendant, Justin Sterling ("Sterling"), filed a Rule 60(b) motion styled "Motion and Memorandum in Support of Relief from Judgment or Order" on February 3, 2011 (Doc. 154). Sterling later filed "Motion and Memorandum in Support of Relief from Judgment or Order" (Doc. 170); "Memorandum in Support" (Doc. 171); and "Motion to Amend/Correct Motion and Memorandum of Law in Support of Relief from Final Judgment or Order" (Doc. 172). All these documents purported to relate to Document 154.

On January 3, 2012, the government responded to defendant's various motion documents 154, 170, 171, 172 (Doc. 176) and requested that the court construe defendant's Rule 60(b) motion (Doc. 154) as a successive Section 2255 motion and dismiss it for lack of jurisdiction because defendant had failed to obtain permission from the Fifth Circuit to file a successive Section 2255 motion.

---

[1] As summarized by the Government in the Government's Response.

On January 17, 2012, this court denied the defendant's motions to amend the Rule 60(b) motion (Docs. 170, 172); denied as successive defendant's Section 2255 motion filed November 21, 2011 (Doc. 173); and denied defendant's Request for Discovery (Doc. 174). The court did not rule on documents 154 or 171.

The defendant has now filed a "Supplemental Motion in Support of Relief from Final Judgment" (Doc. 202) supplementing his original Rule 60(b) motion (Doc. 154). He has attached to this Supplemental Motion a "Statement of Undisputed Facts in Support of Motion for Relief from Final Judgment or Order Pursuant to Fed.R.Civ. P. 56(c)(1)" (Doc. 202-1). The contents of this "Statement" are almost identical to the contents of the "Statement" filed as document 183-1, an attachment to defendant's motion for reconsideration (Doc. 183) that the court denied by order filed April 26, 2012 (Doc. 189).

Sterling has also filed a "Supplemental Memorandum in Support of Relief from Final Judgment Under Fed.R.Civ. P. 60(b)" (Doc. 203) seeking to further amend his original Rule 60(b) motion (Doc. 154).

## Law

The government is requesting that this court construe defendant's Rule 60(b) motion (Doc. 154) to be a successive motion under 28 U.S.C. § 2255 and dismiss the motion because the court lacks jurisdiction to consider a successive Section 2255 filed by a defendant without permission from the appellate court.

The government argues that Sterling's assertions in the various motions to supplement or amend the Rule 60(b) motion are nothing more than a repeat of his prior contentions made both at trial and in post-conviction proceedings that defendant lied in both the videotaped confession and in his written confession. The government further argues these additional motions should be denied

or dismissed because they relate to the original Rule 60(b) motion that this court has no jurisdiction to consider. Further, defendant's request for an evidentiary hearing is unnecessary because the court cannot consider the merits of this successive Section 2255 motion.

In examining the defendant's motion, it is clear that he is not attacking the integrity of the federal *habeas* proceedings, but is instead seeking relief from his conviction. Accordingly, the Rule 60(b) motion is a successive §2255 motion and will be dismissed as such.

IT IS ORDERED that the Rule 60(b) motion (Doc. 154) and defendant's motions to amend or supplement that motion (Docs. 171, 202, 203) ARE DISMISSED FOR LACK OF JURISDICTION.

Lake Charles, Louisiana, this 2 day of November, 2012.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE