UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CASE No. 2:05-cr-20061** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **JUSTIN PAUL STERLING** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255 by defendant Justin Paul Sterling. Doc. 229. This motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

### I.
#### BACKGROUND

Sterling was indicted in this court on four counts of possession and distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1); four counts of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1); and one count of possession of a firearm with obliterated serial numbers, in violation of 18 U.S.C § 922(k). Doc. 16.

Sterling subsequently pleaded guilty to one of the firearm possession charges and one of the drug trafficking charges. Doc. 67. He proceeded to trial on the remaining charges and was found guilty as charged. Doc. 74. On December 14, 2006, he was sentenced to a 168 month of imprisonment on the drug trafficking charges, a 25 year term on three of the firearm possession during a drug trafficking crime charges and a ten year term on the fourth, and a 60 month term of

imprisonment on the possession of a firearm with an obliterated serial number charge. Docs. 102, 105. The court ordered that the first and third sentences would run concurrently, while the 25 year and ten year sentences would run consecutively to each other and to any other sentence. *Id.* Sterling unsuccessfully sought to have his conviction and sentence vacated through direct review and two motions to vacate under § 2255, with multiple associated motions. The trial court denied the first of his § 2255 motions on the merits, but denied others as unauthorized successive motions until finally ordering that Sterling be barred from filing any further pro se motions without prior judicial approval. Docs. 139, 140, 208.

Sterling's sentence was modified twice, on February 1, 2010, and March 14, 2012, based on amendments to the United States Sentencing Guidelines on the mandatory minimums for crack cocaine offenses. Docs. 125, 186. Accordingly, his sentence on the drug trafficking charges was reduced from 168 months to 135 months and then 120 months. *Id.* Sterling continued to seek appellate review of the trial court's denial of his § 2255 motions, but did not file a notice of appeal as to either resentencing. On or about April 29, 2015, he appears to have filed a Motion to Reduce Sentence, and the Office of the Federal Public Defender was appointed to represent him. *See* doc. 224 (administrative entry); doc. 226 (administrative order). His motion for sentence reduction was then denied on July 13, 2016. Doc 232.

On June 30, 2016, Sterling filed a third motion to vacate under § 2255. Doc. 229. There he alleged that his motion was timely under § 2255(f)(3) and that he was entitled to have his conviction and sentence vacated under the Supreme Court's recent decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015). Pursuant to the court's standard administrative order governing *Johnson* cases, the Office of the Public Defender was appointed to represent Sterling. Doc. 230. The public defender has now moved to withdraw [doc. 235] and no further filings have been

received in the case. Accordingly, we consider the matter ripe for review under Rule 4(b) of the Rules Governing § 2255 Proceedings in the United States District Courts.

## II.
### LAW AND ANALYSIS

Following conviction and exhaustion or waiver of the right to appeal, the court presumes that a defendant "stands fairly and finally convicted." *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991) (quoting *United States v. Frady*, 102 S.Ct. 1584, 1592 (1982)). Relief under § 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). Before ordering a response from the government, the district court must conduct a preliminary review of a § 2255 motion. Rules Governing § 2255 Proceedings in the United States District Courts, Rule 4(b). Upon that review, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." *Id.*

A reduction in sentence, like the kind received by Sterling, is an amendment to the original sentence rather than a new sentence which restores the defendant's right to seek relief under § 2255 without prior authorization. *United States v. Jones*, 796 F.3d 483, 485–86 (5th Cir. 2015). Thus, because Sterling's first § 2255 motion was adjudicated on the merits, the instant motion qualifies as successive.[1] A district court lacks jurisdiction to consider a second or successive §

---

[1] "Second or successive" is a "term of art" in federal habeas law. *In re Lampton*, 667 F.3d 585, 587–88 (5th Cir. 2012). This term "does not encompass all applications filed second or successively in time," but instead "must be interpreted with respect to the judgment challenged." *Id.* (citing *Magwood v. Patterson*, 130 S.Ct. 2788, 2796–97 (2010)) (internal quotations omitted). However, with respect to applications challenging the same judgment, one "filed after a previous application was fully adjudicated on the merits is a second or successive application . . . even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 774 n. 7 (5th Cir. 1999) (citing *Felker v. Turpin*, 116 S.Ct. 2333 (1996)). When an action is dismissed as time-barred, that dismissal operates as an adjudication on the merits for the purposes of this inquiry. *See United States v. Byrd*, 2016 WL 6538506, at *1 n. 1 (W.D. La. Oct. 3, 2016) (and

2255 motion unless the Court of Appeals has granted the defendant permission to file same. *United States v. Johnson*, 303 Fed. App'x 241, 242 (5th Cir. 2008) (unpublished) (citing *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)). When faced with an unauthorized second or successive § 2255 motion, some district courts opt to transfer the matter to the Fifth Circuit for a determination of whether the petitioner should be allowed to proceed, pursuant to *In re Epps*, 127 F.3d 364 (5th Cir. 1997). However, transfer is not mandatory and *Epps* instead "merely adopts a procedure to be used when a district court determines that transfer is appropriate." *Byrd*, 2016 WL 6538506 at *3.

The Court of Appeals will only authorize the filing of a successive § 2255 motion under certain circumstances. Relevant to this matter, a successive motion should be authorized if it relies on "a new rule of constitutional law, made retroactive to cases on collateral review, that was previously unavailable." 28 U.S.C. § 2255(h). As noted supra, Sterling relies on *Johnson*, 135 S.Ct. 2551 (2015), made retroactively applicable in *United States v. Welch*, 136 S.Ct. 1257 (2016). It is not enough that the movant merely cite new Supreme Court precedent, however. If the Fifth Circuit determines that the movant has cited a new rule of constitutional law but that the law is inapplicable to his case, it will deny authorization. *E.g.*, *In re Arnick*, 826 F.3d 787 (5th Cir. 2016). Accordingly, we analyze Sterling's *Johnson* argument to see if there is any basis for transferring his motion and allowing the case to proceed in this court.

When a defendant is convicted of certain crimes involving firearms, the court applies the sentencing provisions in 18 U.S.C. § 924. If the defendant is found to be a career criminal, based on three or more qualifying prior convictions, under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and violates 18 U.S.C. § 922(g) by unlawfully shipping, transporting, possessing, or receiving a firearm or ammunition, he is subject to a minimum sentence of fifteen

---

cases cited therein). Thus this court's ruling on Sterling's first § 2255 motion operates as an adjudication on the merits and the instant motion is second and successive.

years. A conviction qualifies as a predicate offense if it is a serious drug trafficking crime or a violent felony, as defined under 18 U.S.C. § 924(e)(2).

In *Johnson*, supra, 135 S.Ct. 2551 (2015), the Court held that a portion of the statutory definition of a "violent felony" in the ACCA's "residual clause," at § 924(e)(2)(B)(ii), was unconstitutionally vague. 135 S.Ct. at 2563. Thus, a sentence enhancement based on that provision violated a defendant's right to due process. *Id.* Sterling, however, was convicted under § 924(c), which sets certain minimum sentences for defendants who possess, brandish, or discharge a firearm during a crime of violence or drug trafficking crime. The definitions of a "crime of violence" under § 924(c) and a "violent felony" under the ACCA's residual clause are similar, leading the circuit courts to conflicting decisions on *Johnson*'s applicability to § 924(c). *See United States v. Ponzo*, 853 F.3d 558, 585–86 (1st Cir. 2017) (collecting cases). Since *Johnson*, however, the Fifth Circuit has concluded that § 924(c)'s "definition of 'crime of violence' . . . is not unconstitutionally vague." *United States v. Jones*, 854 F.3d 737, 740 (5th Cir. 2017); *see also United States v. Garcia*, 857 F.3d 708, 711 (5th Cir. 2017).

*Jones* and *Garcia*, supra, are binding on this court. Sterling was convicted and sentenced under § 924(c) rather than § 924(e). Additionally, it is clear from the indictment that those charges related to the use of firearms during drug trafficking crimes rather than crimes of violence. *See* doc. 16. Because Sterling's motion does not rely on the narrow right *Johnson* announced, as defined in this circuit, he is not entitled to authorization for a successive motion under § 2255(h). Therefore, in the interest of judicial economy, the court should dismiss this motion rather than transferring it.

## III.
### CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that the instant § 2255 motion be **DISMISSED WITHOUT PREJUDICE** as an unauthorized successive motion filed without prior authorization from the Fifth Circuit Court of Appeals.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

In accordance with Rule 11(a) of the Rules Governing Section 2255 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255.

THUS DONE AND SIGNED in Chambers this 26th day of March, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE