**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CASE No. 2:05-cr-20061** |
| **VERSUS** | : | **JUDGE ROBERT G. JAMES** |
| **JUSTIN PAUL STERLING** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255 by defendant Justin Paul Sterling. Doc. 244. This motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

The background to Sterling's criminal and post-conviction proceedings in this court is provided in our opinion recommending dismissal of his last Motion to Vacate [doc. 229] as an unauthorized successive motion. Doc. 237. The district court adopted the recommendation and denied a certificate of appealability in May 2018. Docs. 239, 240. Now Sterling brings the instant motion for § 2255 relief, his fourth one filed in this court, filed less than four months after dismissal of his previous motion and nine years after his conviction became final with the Supreme Court's denial of certiorari. Doc. 244; *see Sterling v. United States*, 129 S.Ct. 2422 (2009).

As noted in our previous report and recommendation, Sterling's first § 2255 motion was adjudicated on the merits and so the instant motion qualifies as successive. A district court lacks jurisdiction to consider a second or successive § 2255 motion unless the Court of Appeals has granted the defendant permission to file same. *United States v. Johnson*, 303 Fed. App'x 241, 242

-1-

(5th Cir. 2008) (unpublished) (citing *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)). When faced with an unauthorized second or successive § 2255 motion, some district courts opt to transfer the matter to the Fifth Circuit for a determination of whether the movant should be allowed to proceed, pursuant to *In re Epps*, 127 F.3d 364 (5th Cir. 1997). However, transfer is not mandatory and *Epps* instead "merely adopts a procedure to be used when a district court determines that transfer is appropriate." *Byrd*, 2016 WL 6538506 at *3.

Given Sterling's repeated efforts at obtaining relief through a successive § 2255 motion, without obtaining the necessary authorization from the Fifth Circuit, we decline to recommend transfer of this matter and instead **RECOMMEND** that the instant § 2255 motion be **DISMISSED WITHOUT PREJUDICE** as an unauthorized successive motion filed without prior authorization from the Fifth Circuit Court of Appeals. Sterling may instead apply directly to the Fifth Circuit if he desires, and this court will entertain his motion if he **first** obtains the required authorization from the Court of Appeals.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

In accordance with Rule 11(a) of the Rules Governing Section 2255 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Chambers this 7th day of September, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE