UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:05-CR-20061-01** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **JUSTIN PAUL STERLING (01)** | **MAGISTRATE JUDGE KAY** |

### ORDER and REASONS

Before the Court is a Motion for Reconsideration filed *pro se* by Defendant Justin Paul Sterling.[1] Pursuant to his motion, Sterling seeks reconsideration of the March 5, 2021 Amended Judgment modifying his term of incarceration. For the reasons that follow, Sterling's motion is DENIED.

## I.
### BACKGROUND

On December 14, 2006, Sterling was sentenced to a 99-year term of imprisonment, following his conviction on four counts of possession of a firearm during a drug trafficking crime, four counts of distribution of cocaine base, and one count of possession of a firearm with an obliterated serial number.[2] Thereafter, Sterling's sentence was reduced to 95 years, due to retroactive amendments to the United States Sentencing Guidelines.[3] Following passage of the First Step Act of 2018 ("FSA"), Sterling sought further reduction of his sentence.[4] Specifically, Sterling sought: (1) a reduction of his narcotics convictions pursuant to 18 U.S.C. §

---

[1] ECF No. 270.
[2] ECF No. 105 at 1-3.
[3] ECF Nos. 125, 186.
[4] ECF Nos. 257, 258.

3582(c)(1)(B);[5] and (2) a reduction of his firearms offenses pursuant to 18 U.S.C. § 3582(c)(1)(A) (the latter provision is commonly referred to as "compassionate release").[6] On January 19, 2021, the undersigned ruled that Sterling was eligible for a sentence modification under both of the foregoing statutory provisions.[7]

On February 22, 2021, the Court held a hearing at which counsel were permitted to present arguments regarding any appropriate modification to Sterling's sentence in light of the factors set forth in 18 U.S.C. § 3553(a). Sterling attended the hearing and was permitted to speak and present information in mitigation of his sentence.[8] On March 5, 2021, the Court issued its findings and an Amended Judgment and reduced Sterling's total term of incarceration to 25 years.[9] As pertinent here, the Court reduced Sterling's sentence for his narcotics convictions (Counts 1, 3, 5 and 7) from ten years to five years, and it reduced his total sentence for his firearms convictions (Counts 2, 4, 6, and 8) from 85 years to 20 years.[10] The term of imprisonment for Sterling's firearms convictions must run consecutively to his term of imprisonment for his narcotics convictions, and therefore Sterling's sentence was reduced to a total term of incarceration of 25 years.[11]

Sterling now seeks reconsideration of the Court's Amended Judgment, arguing the Court should further reduce his sentence due to the recent decision of the United States Supreme Court in *Concepcion v. United States*, 142 S.Ct. 2389 (2022).[12] Sterling contends the *Concepcion*

---

[5] 18 U.S.C. § 3582(c)(1)(B) permits a court to modify a term of imprisonment if "expressly permitted by statute." *Id.* Section 404 of the FSA is the statute which provides courts with express permission to reduce convictions for certain cocaine base (or "crack") offenses.
[6] 18 U.S.C. § 3582(c)(1)(A) permits courts to reduce a term of imprisonment for "extraordinary and compelling reasons," if certain other conditions are met. *Id.*
[7] *See* ECF No. 262 at 6, 11.
[8] *See* ECF No. 266.
[9] ECF No. 268; *see also* ECF No. 267.
[10] ECF No. 268.
[11] *See* 18 U.S.C. § 924(c)(1)(D)(ii).
[12] ECF No. 270 at 1.

decision is an "intervening decision" which grants the Court "more discretion" when modifying a term of imprisonment than was previously allowed under Fifth Circuit caselaw.[13] He additionally argues the Court should further reduce his sentence in light of his "low recidivism" score under the Bureau of Prisons' Prisoner Assessment Tool Targeting Estimated Risk and Needs ("PATTERN").[14] Finally, Sterling argues he should be granted immediate release.[15]

## II.
### LEGAL STANDARD

Although motions for reconsideration "are nowhere explicitly authorized in the Federal Rules of Criminal Procedure, they are a recognized legitimate procedural device."[16] In the context of criminal proceedings, courts typically apply the same legal standards to motions to reconsider as they apply in civil cases.[17] Here, because Sterling filed his motion for reconsideration more than 28 days after entry of the Amended Judgment, it is treated as motion for relief from judgment under Federal Rule of Civil Procedure 60(b).[18] Further, because Sterling filed his motion more than one year after entry of the Amended Judgment, relief is available only under subsections (b)(4), (b)(5) and (b)(6).[19] Subsections (4) and (5) are inapplicable here.[20] That leaves subsection (6), which permits relief for "any other reason that justifies relief."[21] Although not enumerated in

---

[13] *Id.* at 1, 4, 5 (arguing *Concepcion* "effectively abrogated" the Fifth Circuit's holding in *U.S. v. Hegwood*, 934 F.3d 414 (5th Cir. 2019) and entitles defendants to "full plenary resentencing").
[14] *Id.* at 5.
[15] *Id.* at 6.
[16] *United States v. Lewis*, 921 F.2d 563, 564 (5th Cir. 1991) (citing *United States v. Cook*, 670 F.2d 46, 48 (5th Cir. 1982)).
[17] *See e.g. United States v. Garrett*, 15 F.4th 335, 339 (5th Cir. 2021); *United States v. Hawkins*, CR 03-00194-BAJ-EWD, 2021 WL 5851452, at *2–3 (M.D. La. Dec. 9, 2021) (collecting cases).
[18] *Garrett* at 339.
[19] *See* Fed. R. Civ. P. 60(c) (relief under Rule 60(b)(1)-(3) is unavailable if the motion for relief is filed more than one year after entry of judgment).
[20] Subsection (4) permits relief where "the judgment is void;" subsection (5) permits relief where "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b).
[21] *Id.*

Rule 60(b), the Fifth Circuit additionally permits parties to invoke Rule 60(b) "for the correction of judicial error, but only to rectify an obvious error of law, apparent on the record."[22]

### III.
#### DISCUSSION

Again, Sterling contends the Court should further reduce his sentence, arguing the *Concepcion* decision grants the Court "more discretion" than previously permitted by the Fifth Circuit. According to Sterling, *Concepcion* "held that: a reduction under Section 404 of the First Step Act entitled the defendant to full plenary resentencing."[23] The Court finds that *Concepcion* permits no further relief in this matter. *Concepcion* held that "the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act."[24] In modifying Sterling's sentence, the undersigned explicitly took into consideration intervening changes of law and fact.[25] Further, the Court conducted what was, in essence, a plenary resentencing.[26] Therefore, the Court finds nothing in the *Concepcion* decision warrants reconsideration of the Amended Judgment in this matter.

For the sake of completeness, the Court additionally notes that it reduced Sterling's narcotics sentences pursuant to section 404 of the FSA. Section 404(c) of the FSA states that "[n]o court shall entertain a motion . . . to reduce a sentence if the sentence was . . . previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 . . . ."[27] Here, on March 5, 2021, the Court "reduced [Sterling's narcotics sentences] in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010," and therefore

---

[22] *Hill v. McDermott, Inc.*, 827 F.2d 1040, 1043 (5th Cir.1987); *see also Garrett* at 339 n.5 (citing *Caldwell v. Parker Univ.*, 802 Fed.Appx. 841, 842 (5th Cir. 2020)).
[23] ECF No. 270 at 4.
[24] *Concepcion*, 142 S.Ct. at 2404.
[25] *See* ECF No. 262 at 4-7, 10; ECF No. 267 at 2-4, 8-9.
[26] *See* ECF No. 266; *see also* ECF No. 267 at 8.
[27] First Step Act of 2018, Pub. L. No. 115-391, § 404(c), 132 Stat 5194 (2018).

no further reduction is available under section 404. The Court reduced Sterling's firearms sentences under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A). Even if *Concepcion* permitted Sterling to seek reconsideration of that decision, the Court would deny relief here. As already noted, the Court did consider intervening changes of law and fact when it granted Sterling's motion. The only new factual information Sterling presents in this motion is his low recidivism PATTERN score. The addition of that information does not constitute an "extraordinary and compelling" reason warranting further reduction of sentence.[28]

For these reasons, Sterling's Motion to Reconsider Sentence Reduction [ECF No. 270] is DENIED.

SIGNED this 17th day of October, 2022.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[28] 18 U.S.C. § 3582(c)(1)(A).