UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:05-CR-20061-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **SANCTIONED/BARRED JUSTIN PAUL STERLING (01)** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a Motion for Compassionate Release [doc. 279] filed by defendant Justin Paul Sterling. The government opposes the motion. Doc. 284.

### I.
### BACKGROUND

The lengthy procedural history of this matter is provided in several prior rulings. *E.g.*, doc. 262. The court will not touch upon the many motions for post-conviction relief but notes that Sterling was charged with drug and firearms offenses arising from the following:

> On three separate occasions within a two-month period, the police recovered handguns possessed by Sterling. On January 23, 2005, Keith Mullins approached Sterling and asked if he had any crack to sell. As Sterling broke off the requested quantity, Mullins punched him in the face and grabbed the drugs. During a struggle, Sterling drew an RG Model 14 .22 caliber revolver and shot Mullins in the hand and abdomen. Undeterred by his wounds and assisted by his wife, Mullins seized Sterling's gun, drugs, and money and escaped. Mullins reported the incident to the police and turned over the RG revolver.
>   The next day, after being advised of his *Miranda* rights, Sterling gave a written statement to the police in which he described the robbery and shooting. Sterling further explained that he purchased the revolver for $20

> from a drug addict named "Wild Bill," who drove an old white camper van with a brown stripe down the side. Sterling was not arrested.
> On March 1, a Calcasieu Parish Sheriff's Officer stopped Sterling as he walked along the road because he fit the description of a suspect reported to be engaged in narcotics trafficking. Sterling consented to a search, and the deputy discovered a Lorcin .380 caliber pistol in his pocket but found no drugs. Sterling was arrested, given a misdemeanor summons, and released.
> Detectives eventually traced the RG revolver Sterling used to shoot Mullins and learned that it had been stolen from its registered owner in a burglary. A warrant was issued to arrest Sterling for possession of the stolen revolver. The police served the warrant and arrested Sterling on the morning of March 10 at the trailer of Renata Guillory. As police moved Sterling from the couch where he was sleeping, they discovered he was lying atop a Bryco .380 caliber pistol. The serial number on the gun had been scratched off.
> In a videotaped interview, Sterling explained to the police that he purchased all three pistols from "Wild Bill" in exchange for crack cocaine. As in his previous statement, he explained that Wild Bill lived in Sulphur and drove a white camper with a brown stripe. When Wild Bill would drive around the neighborhood, Sterling would ask him about buying a pistol and immediately furnish the crack. Sterling could later retrieve the gun from under a trash can. Sterling provided a detailed description of Wild Bill and his vehicle.

*United States v. Sterling*, 555 F.3d 452, 454–55 (5th Cir. 2009). Sterling pleaded guilty to the counts involving the incident with Mullins but went to trial on the remaining charges and was convicted. Docs. 67, 69, 80. His total sentence ran to 99 years based on statutory mandatory minimums and was affirmed, though both the sentencing judge and the Fifth Circuit expressed displeasure at the length. Doc. 252, att. 1, p. 1; *Sterling*, 555 F.3d at 454.

In subsequent years Sterling's sentences on the drug charges were reduced due to retroactive changes to the Sentencing Guidelines, resulting in a total term of 95 years. The bigger change, however, came after the passage of the First Step Act in 2018. Pursuant to a Motion for Reduction of Sentence filed in 2020, his sentences on all counts were further reduced to sixty-month terms for a total term of 300 months, i.e., 25 years, by judgment

dated March 5, 2021. Docs. 262, 268. This ruling was based on the First Step Act's provisions (1) making retroactive earlier revisions designed to reduce disparities in sentences between crack and powder cocaine-based offenses and (2) eliminating the enhanced sentence for a "second or subsequent" firearm conviction under 18 U.S.C. § 924(c) where the subsequent counts were part of the same indictment and/or course of conduct. Doc. 262. Sterling then moved for reconsideration, seeking further reduction. Doc. 270. The court denied the motion. Doc. 271.

Sterling filed another motion to reduce his sentence on February 13, 2023, invoking the compassionate release provisions of the First Step Act based on a recent memorandum from the Attorney General on sentencing disparities. Doc. 272. The undersigned denied the motion, finding that the memo was not applicable to Sterling's case and did not present an "extraordinary and compelling reason" to reduce his sentence. Doc. 278. Less than a year later, Sterling filed another motion for reduction based on amendments to the United States Sentencing Guidelines. Doc. 279. The Office of the Federal Public Defender reviewed the motion and determined that it was more appropriately characterized as a request for compassionate release. Doc. 282. Accordingly, the court set briefing deadlines and the government submitted its opposition. Doc. 284.

## II.
## LAW & APPLICATION

A sentence of imprisonment may only be modified by the district court in limited circumstances. *Dillon v. United States*, 560 U.S. 817, 825 (2010). The court may reduce a term of imprisonment for "extraordinary and compelling reasons" so long as they are

"consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Following passage of the First Step Act in 2018, inmates may use this provision to directly petition the court for compassionate release.

Sterling has already received the benefit of the mandatory minimum five-year § 841(b) sentences that are currently in place. The length of the sentence is not unwarranted due to the involvement of firearms and the serious bodily injury of another person. Accordingly, he does not provide an "extraordinary and compelling reason" supporting further reduction of his sentencing. Additionally, as the government notes, his personal characteristics counsel against further reduction under 18 U.S.C. § 3553(a)—Sterling's prison disciplinary record shows over 40 disciplinary citations during his 18 years in BOP facilities. Doc. 284, att. 1. These include assault and verbal threats against an officer on two occasions in 2018, as well as multiple instances of possessing a dangerous weapon. *Id.* Given Sterling's offense conduct and his record in BOP custody, the court finds no basis for a reduction of his 25-year sentence.

## III.
### CONCLUSION

For the reasons stated above, the Motion for Compassionate Release [doc. 279] is **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 29th day of January, 2024.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**